IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 22-cv-3098 |
| | ) | |
| ESTATE OF RAEJEANNE J. SCHLIEPER A/K/A | ) | |
| RAEJEANNE SCHLIEPER, DECEASED; | ) | |
| REBECCA L KINGERY; STATE OF ILLINOIS, | ) | |
| DEPARTMENT OF HEALTHCARE AND | ) | |
| FAMILY SERVICES; UNKNOWN OWNERS, | ) | |
| INCLUDING UNKNOWN HEIRS AND | ) | |
| LEGATEES OF RAEJEANNE J. SCHLIEPER | ) | |
| A/K/A RAEJEANNE SCHLIEPER, DECEASED; | ) | |
| UNKNOWN CLAIMANTS AND LIENHOLDERS | ) | |
| AGAINST THE ESTATE OF RAEJEANNE J. | ) | |
| SCHLIEPER A/K/A RAEJEANNE SCHLIEPER, | ) | |
| DECEASED; UNKNOWN CLAIMANTS AND | ) | |
| LIENHOLDERS AGAINST THE UNKNOWN | ) | |
| HEIRS AND DEVISEES OF RAEJEANNE J. | ) | |
| SCHLIEPER A/K/A RAEJEANNE SCHLIEPER, | ) | |
| DECEASED; and UNKNOWN OWNERS AND | ) | |
| NON-RECORD CLAIMANTS, | ) | |
| | ) | |
| Defendants. | ) | |

**THE UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION
TO FILE ITS AMENDED COMPLAINT ADDING THE SPECIAL
REPRESENTATIVE OF THE ESTATE OF THE DECEDENT-MORTGAGOR
<u>AS A PARTY DEFENDANT</u>**

The United States of America moves this Court pursuant to Fed.R.Civ.P. 15 for permission to file instanter its Amended Complaint attached as an exhibit to the United States' Motion filed simultaneously herewith.

**Introduction**

The Illinois Supreme Court in *ABN AMRO Mortg. Group, Inc., et al. v. McGahan, et al.,* 237 Ill.2d 526, 342 Ill.Dec. 7, 11, 12 (2010) held that a mortgagee must name a personal representative for a deceased mortgagor in a mortgage foreclosure proceeding in order for the circuit court to acquire subject matter jurisdiction.

However, the "probate exception" to the subject matter jurisdiction of United States District Courts deprives this Court of the necessary subject matter jurisdiction to make this appointment.

Consequently, the United States, relying on the inherent power of the state circuit court, as aided by 735 ILCS 5/13-209 (b), has obtained the appointment of a Special Representative of represent the decedent in this case via the Order that is attached to the Motion for Leave to file Amended Complaint that has been simultaneously filed herein.

By allowing the filing of the amended complaint, this Special Representative should now be added as a Defendant to this foreclosure proceeding to represent the interests of the decedent in this case.

It was necessary for the United States to commence this foreclosure proceeding prior to seeking this amendment, so that the Illinois Circuit Court could identify the pending foreclosure case requiring the appointment of this Special Representative.

In further support of this Motion, the United States represents that:

**Title Insurance Companies Also Are Requiring That a Special Representative be Appointed to Represent the Decedent Mortgagor's Estate in Foreclosures**

In addition, the title insurance commitments being provided to the United States frequently contain requirements similar to the following:

> NOTE: If it is known that any necessary party listed herein is deceased, the mortgagee should take appropriate steps to have a personal representative appointed either under the Probate Act or under Section 13-209 of the Code of Civil Procedure. The personal representative should be made a party to the foreclosure proceeding by name. In addition, persons who would be the heirs or legatees of a deceased mortgagor should be made parties to the foreclosure proceeding by name, if known or otherwise as 'unknown owners.'

> NOTE: If it is either known or cannot be determined that any permissible party listed here is deceased, then that permissible party should be made a party to the foreclosure proceeding by name. In addition, persons who would be heirs or legatees of a deceased permissible party should be made parties to the foreclosure.

**Fed.R.Civ.P. 17(b) Provides That the Law of the State Where the District Court is Located Determines a Personal Representative's Capacity to Sue and to be Sued**

Fed.R.Civ.P. 17(b) states that the law of the individual's domicile determines an individual's capacity to sue and be sued, provided that the person is not acting as a personal representative. For all other persons, excluding corporations, partnerships, unincorporated associations and receivers appointed by a United States court to sue or be sued, the law of the state where the court is located determines these persons' capacities to sue and be sued.

**735 ILCS 5/13-209(b) Allows a Court of Competent Jurisdiction to Appoint a Special Representative of Represent the Decedent's Estate in Cases Where no Petition for Letters of Administration Have Been Filed**

The above recited Illinois statute, 735 ILCS 5/13-209(b), specifically states that:

> If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives and is not otherwise barred:
>
> (1)  an action may be commenced against his or her personal representative after the expiration of the time limited for the commencement of the action, and within 6 months after the person's death; and
>
> (2)  if no petition has been filed for letters of office for the deceased's estate, the court, upon the motion of a person entitled to bring an action and after the notice to the party's heirs or legatees as the court directs and without opening an estate, may appoint a special representative for the deceased party for the purposes of defending the action. If a party elects to have a special representative appointed under this paragraph (2), the recovery shall be limited to the proceeds of any liability insurance protecting the estate and shall not bar the estate from enforcing any claims that might have been available to it as counterclaims.

**Fed.R.Civ.P. 17(c)(2) Allows a District Court to Either Appoint a Guardian Ad Litem or Issue Another Appropriate Order to Protect an Unrepresented Minor or Incompetent Person but Does not Allow the Court to do the Same on Behalf of a Decedent**

Fed.R.Civ.P. 17(c)(2) does not allow a district court to either appoint someone to represent a decedent's estate or to enter another appropriate order providing for the representation of a decedent's estate. This rule only allows the court to do so on behalf of unrepresented minors and incompetents.

4

This is in accordance with the "probate exception" to the subject matter jurisdiction of federal courts to take any action regarding the probating of a decedent's estate or appointing a person or entity to act on behalf of a decedent's estate.

### The United States Supreme Court has Created "A Probate Exception" to the Subject Matter Jurisdiction of United States District Courts

The United States Supreme Court explained in *Marshall v. Marshall*, 547 U.S. 293, 296 (2006) that:

> This Court has recognized a probate exception, kin to the domestic relations exception, to otherwise proper federal jurisdiction. *See, e.g., Markham,* the Court's most recent and pathmarking pronouncement on the subject. [*Markham v. Allen,* 326 U.S. 490]. Among other things, the *Markham* Court first stated that, although ' a federal court has no jurisdiction to probate a will or administer an estate, . . . it has [long] been established . . . that federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.' 326 U.S. at 494, 66 S.Ct. 296.

### This Probate Exception Deprives the District Court of Subject Matter Jurisdiction to Appoint Either a Special Representative or any Other Person or Entity to Represent a Decedent in District Court Litigation

In *Coleman v. McLaren,* 590 F. Supp. 38, (N.D. Ill. 1984), the plaintiffs moved the district court pursuant to Ill.Rev.Stat. Ch. 110, ¶ 2-1008 (b) to appoint the State's Attorney of DuPage County as special administrator for a party who had died during the course of the litigation and for whom no personal representative had been appointed in probate.

5

This statute, currently codified at 735 ILCS 5/2-1008(b)(1), provides that if a party to an action dies, the state circuit court may appoint a Special Representative for the deceased for purposes of prosecuting the action if no petition for letters of office for the decedent has been filed.

Most importantly, this statutory provision regarding appointment of a Special Representative is analogous to 735 ILCS 5/13-209(b)(2) at issue in this case, which allows the state circuit court to appoint a Special Representative for the deceased for purposes of defending the action, which in this case is a mortgage foreclosure proceeding.

Both 735 ILCS 5/2-1008(b)(1) at issue in *Coleman*, and 735 ILCS 5/13-209(b)(2), at issue in this case, required specific action to be taken in connection with the appointment of the Special Representative, including notifying the heirs or legatees as the court directs.

In *Coleman*, 590 F.Supp. at 39, the court stated that this statutory substitution of a Special Representative in place of formal probate proceedings is still a "probate-type" proceeding that is barred in federal district court by the probate exception to subject matter jurisdiction. In doing so, the opinion cited *Markham v. Allen,* 326 U.S. 490, 494 (1946); *Rice v. Rice Found.*, 610 F.2d 471, 474-75 (7th Cir. 1979); and *Dragan v. Miller,* 679 F.2d 712, 713 (7th Cir. 1982). None of these cases pertain to the appointment by a federal district court of a personal or Special Representative for a decedent.

The *Coleman* opinion then reviewed the language of Fed.R.Civ.P. 17 and stated that "By negative implication no such power exists to appoint a personal representative

6

in the case of a decedent." *Id.* The court concluded that the plaintiff's motion was denied because the plaintiffs had not met their burden of persuasion. It also noted that the court's own research did not uncover anything supporting the plaintiffs' argument for substitution by the federal district court.

In *Villalobos and Valencia v. Castaneda, et al.,* 2013 WL 5433795 (N.D. Ill. 2013), fn. 1 (N.D. Ill. 2013), the court explained that the plaintiffs must "obtain from the appropriate probate court an order of appointment of a special representative for the purposes of this litigation" because, citing *Coleman*, supra "a federal district court lacks the authority to appoint a special administrator." In *Villalobos,* one of the plaintiffs died during that litigation.

Similarly, in *Higgins v. Roberson, et al.,* 2014 WL 4099405 (C.D. Ill. 2014), this Court correctly held at * 1 that:

> The federal rules do not include the authority to appoint Plaintiff as representative of his mother's estate. *In re Yasmin and Yaz Marketing,* 2010 WL 4608609 (S.D. Ill. 2010) ('[T]he definition of real party in interest indicates that appointment of a personal representative for decedent is the province of the state court'); *Coleman v. McLaren,* 590 F.Supp. 38 (N.D. Ill. 1984) (federal court lacks jurisdiction to appoint special administrator of deceased defendant's estate. . . .)

## Conclusion

For these reasons, the United States moves this Court for permission to file *instanter* its amended complaint of foreclosure, adding Kevin McDermott, as Special Representative of the Estate of Decedent Raejeanne J. Schlieper a/k/a Raejeanne Schlieper, as a party Defendant to this foreclosure action.

Respectfully submitted,

UNITED STATES OF AMERICA,
Plaintiff

GREGORY K. HARRIS
United States Attorney

By: /s/Kimberly A. Klein
Kimberly A. Klein, ARDC #6230077
Assistant United States Attorney
211 Fulton Street, Suite 400
Peoria, Illinois 61602
Telephone: 309/671-7050
E-mail: Kimberly.Klein@usdoj.gov

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 14th day of October 2022, she electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Central District of Illinois and is a person of such age and discretion as to be competent to serve papers.  That on October 14, 2022, she served a copy of this filing, by placing said copy in an envelope with the proper first-class postage thereon and addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Urbana, Illinois.

      Addressee:

| | | |
|---|---|---|
| Rebecca Kingery<br>131 N. Commercial St.<br>Winchester, IL 62694 | Office of the Illinois Attorney General obo State of Illinois, Department of Healthcare and Family Services<br>500 South Second Street<br>Springfield, IL 62701 | Kevin McDermott<br>Attorney at Law<br>109 S. Seventh Street<br>Springfield, IL 62701 |

      /s/Kimberly A. Klein
      Kimberly A. Klein, ARDC #6230077
      Assistant United States Attorney
      211 Fulton Street, Suite 400
      Peoria, Illinois 61602
      Telephone: 309/671-7050
      E-mail: Kimberly.Klein@usdoj.gov